UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON C. TAYLOR,

       Plaintiff,

                                                      Case No. 10-13336
v.                                                      Hon. Lawrence P. Zatkoff

SAXON MORTGAGE SERVICES and
WASHINGTON MUTUAL BANK,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 27, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' motion to dismiss [dkt 10]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion to dismiss [dkt 10] is GRANTED.

**II. BACKGROUND**

Plaintiff brings this action to set aside Sherriff's Deeds to real properties in Detroit, Michigan: 15009 Wildemere Street ("Wildemere property"); 11575 Roxbury Street ("Roxbury

property"); and 14905 Evanston Street ("Evanston property"). Briefly, Plaintiff claims that the Sherriff's Deeds are defective because they were executed by fraud on the part of Defendants.

On August 2, 2006, the Evanston property was sold at a foreclosure sale. The Sherriff's Deed was recorded with the Wayne County Register of Deeds on August 15, 2006. The six-month redemption period expired on February 2, 2007. On May 7, 2008, the Wildemere and Roxbury properties were sold at foreclosure sale. The Sherriff's Deed for the Roxbury property was recorded with the Wayne County Register of Deeds on May 15, 2008, and the Sherriff's Deed for the Wildemere property was recorded on May 19, 2008. The six-month redemption periods expired on November 7, 2008.

On December 1, 2008, Plaintiff filed an action in the Wayne County Circuit Court against Defendant Saxon Mortgage Services ("Saxon") and JP Morgan Chase Bank, N.A. ("Chase"), which is acting as receiver for Defendant Washington Mutual Bank.[1] Plaintiff made several allegations with respect to the three properties, most relating to the origination of the mortgage loans Plaintiff obtained for each of the properties. Saxon removed the case to this Court on January 16, 2009, with Chase consenting to the removal. On July 10, 2009, the Court issued an order of dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) because Plaintiff failed to (1) comply with an order compelling Plaintiff to respond to discovery requests; (2) comply with an order directing Plaintiff to pay counsel for Saxon's costs incurred in bringing its motion to compel; and (3) attend a mandatory scheduling conference.

On August 5, 2010, Plaintiff filed this action in the Wayne County Circuit Court, requesting

---

[1]Defendants assert that Chase is being incorrectly sued as Washington Mutual Bank. Since Plaintiff does not dispute this, the Court will hereinafter reference Defendants Saxon and Chase ("Defendants").

equitable relief to set aside the Sherriff's Deeds for the same three properties. Defendants timely removed the case to this Court and subsequently filed a motion to dismiss.

### III. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The manner of review under [Fed. R. Civ. P.] 12(c) is the same as a review under Rule 12(b)(6) . . . ." *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary

judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff's claims are barred by res judicata.  For the following reasons, the Court agrees.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979) (citations omitted).  "For res judicata to apply, the following elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction;
> (2) a subsequent action between the same parties or their "privies";
> (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

All four requirements are met here.  First, the Court's July 10, 2009, order dismissing Plaintiff's December 1, 2008, complaint constituted a final decision on the merits by a court of competent jurisdiction.  *See* Fed. R. Civ. P. 41(b) ("Unless [a] dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—*operates as an adjudication on the merits*." (emphasis added).  Second, this action involves the same parties—Saxon and Chase. Third, since the foreclosures giving rise to the Sherriff's Deeds at issue in this action occurred before Plaintiff filed his December 1, 2008, action, the issues Plaintiff wishes to litigate in this action should have been raised in the prior action.  Fourth, there is an identity of the causes of action because both actions involve the same real properties and transactions.

In his response brief, which consists of seven sentences, Plaintiff attempts to rebut Defendants' argument by stating "the complaint before this court has no relation to [sic] prior case or relevance." The Court finds that this conclusory statement fails to demonstrate that Plaintiff's factual allegations are enough to raise a right to relief above the speculative level. Thus, the Court finds that Plaintiff's claims are barred by res judicata.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss [dkt 10] is GRANTED.[2]

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 27, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

---

[2] Since the Court dismisses Plaintiff's complaint on the basis of res judicata, Defendants' arguments that Plaintiff lacks standing to assert his claims and that his claims are barred by laches are now moot.

5